UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HENRY VANCE BRICE<br>No. 42988-112,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 3:15-cv-01435<br>Senior Judge Haynes |

# MEMORANDUM

Movant, Henry Vance Brice, filed this *pro se* action under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Docket No. 1). Movant asserts claims that his defense attorney provided ineffective assistance of counsel: (1) by allowing a prior felony conviction to be counted into his criminal history that was not listed in the PSR; and (2) by failing to raise this issue at sentencing. The United States filed its response. (Docket No. 10).

Movant pled guilty to multiple counts of aiding and abetting armed bank robbery and use of firearms during a crime of violence. *United States v. Brice*, Case No. 3:05-cr-023 (M.D. Tenn. 2005). The bank robbery were by members of a Crips gang whom Movant recruited. The gang members held employees and customers hostage and escaped with more than $78,000.

In exchange for his guilty plea, the Government agreed not to prosecute Movant for his role in six similar bank robberies in Middle Tennessee during the years 2002 and 2003. (Case No. 3:05-cr-023, Docket No. 35, Plea Agreement at 2). At the time of his plea agreement, Movant and the Government anticipated a net sentencing guideline offense level of 23, a criminal history category V, and guideline range of 110-137 months for Count 2 (the bank robbery charge), plus 84

1

consecutive months on Count 3 (the 924(c) charge). *Id.* at 8. In the pre-sentence report, the United States Probation Office found Movant to have a more extensive criminal record, raising his criminal history to category VI that raised his guidelines on Count 2 to 120-150 months from 110-137 months. *Id.*, Docket No. 46, Pre-Sentence Report (PSR), p. 19.

At sentencing, Movant's defense attorney, Patrick Frogge, argued that criminal history category VI overstated Movant's prior criminal conduct. Frogge argued for a sentence of 110 months on Count 2. The Court sentenced Movant to 110 months on Court 2 with a consecutive sentencing of 84 months on Count 3, the minimum mandatory sentence for a violation of 18 U.S.C. § 924(c). (*Id.*, Docket No. 42, Judgment). Movant was not sentenced as either a career offender or as an armed career criminal.

Movant appealed the judgment, and the Sixth Circuit affirmed. (*Id.*, Docket No. 54). Movant did not file a petition for certiorari with the Supreme Court.

On June 15, 2015, Movant filed this action and a motion for a writ of coram nobis in his criminal action. The Court denied the latter motion on November 4, 2015, finding that Movant was ineligible for relief under coram nobis. (*Id.*, Docket No. 63).

To vacate his sentence under § 2255, Movant must show that the sentence violates the Constitution or laws of the United States. 28 U.S.C. § 2255. To prevail on a § 2255 motion, a movant "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Grifin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion

alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

First, the Respondent argues that this action is untimely under the one year statute of limitations mandated by 28 U.S.C. § 2255(f). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a *habeas* petition pursuant to 28 U.S.C. § 2255 must be filed within a year of the latest of four (4) circumstances:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant's one-year statute of limitation period for filing a § 2255 motion commenced on August 11, 2010, ninety (90) days after the mandate issued from the Sixth Circuit. 28 U.S.C. § 2255(f)(1). Thus, Movant was required to submit his § 2255 motion on or before August 11, 2011.

Here, Movant signed his motion on November 25, 2015 (Docket No. 1 at 7) and the Court received his motion on December 1, 2015. Under the "prison mailbox rule" of *Houston v. Lack*, 487

3

U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 Fed. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Movant filed this action on November 25, 2015.

Movant's plea agreement expressly lists his August 1, 1989 felony narcotics offense that would result in 3 criminal history points. (Case No. 3:05-cr-023, Docket No. 35 at 7 ¶ 11(2)(iii)). Movant was aware that this conviction would be used against him for sentencing. Despite his awareness, more than nine years passed before Movant raised this issue. For all of these reasons, the Court concludes that the instant action under 28 U.S.C. § 2255 is time-barred.

Assuming this action is timely filed, Movant's ineffective assistance of counsel claim fails on the merits. (Docket No. 10 at 4).

The Sixth Amendment to the United States Constitution guarantees the right of a person accused of a crime to the effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) deficient performance of counsel and (2) prejudice to the defendant. *See Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).

Movant's claim involves a prior felony conviction that added three points to his criminal history score. Movant asserts that this conviction should not have been counted in alculating his guidelines range. Movant does not assert that he did not commit this crime and challenges only the failure to cite the applicable statute for this conviction.

After his counsel argued, the Court sentenced Movant at the low end of the previously anticipated guideline range – 110 months as in his plea agreement. If Movant were to receive the

credit he seeks, his guideline range would remain 110-137 months, plus 84 months consecutive on the gun charge, for a total of 194 months, the exact sentence the Court imposed. Thus, the Court concludes that Movant has not shown that any of his counsel's alleged deficiency was prejudicial. *Strickland,* 466 U.S. at 694.

An appropriate Order is filed herewith.

**ENTERED** this the 25th day of February, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge